UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

    Plaintiff,

-against-

IMA MEDICAL RESEARCH, P.C.; IMA RESEARCH; IMA; THE IMA GROUP, P.C.,

    Defendants.

19-CV-8508 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. § 1331, alleging that Defendants violated his rights by soliciting him for a harmful clinical trial. By order dated November 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action against the IMA Group, PC (IMA) and its affiliates. The following facts are taken from the complaint. On July 9, 2019, Plaintiff went to an IMA clinic for a medical evaluation for SSI/SSD benefits. At the clinic, Plaintiff was "solicited involuntary" via paperwork for an IMA clinical trial on pharmaceutical drugs, which had nothing to do with his evaluation for SSI/SSD benefits. (ECF No. 2, 2.) Plaintiff was advised to keep the matter confidential and was "illegally persuaded" into signing an "informed consent special agreement," which waived his right with respect to "any legal matters stemming from participations [sic]" in the clinical trial. (*Id.*) IMA also referred Plaintiff to its website – which had advertisement for "future participations [sic] of illegal pharmacy [sic] drugs trials" – in case he was unsure whether he wanted to participate at the time of his clinic visit. (*Id.*) Plaintiff asserts that he was prohibited from using his cell phone or making a recording while in the clinic.

Plaintiff brings this action seeking monetary damages. He asserts that IMA and its affiliates discriminated against him and defrauded him by soliciting him for clinical trials during his evaluation. He also asserts that Defendants' conduct violates the Constitution and other federal and state laws.

**DISCUSSION**

Plaintiff invokes the Court's federal question jurisdiction, but he fails to allege any facts suggesting a matter involving federal constitutional or federal statutory law. Federal question jurisdiction is available when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice*

*Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff's assertions that Defendants violated his constitutional and civil rights by soliciting him to participate in a clinical trial fail to state a claim for relief. Even if the Court assumes that Defendants could be sued for such violations,[1] soliciting patients for clinical trials under the circumstances described by Plaintiff do not violate any constitutional or federal statutory provisions. As Plaintiff's allegations do not suggest a plausible federal claim, the complaint must be dismissed.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to submit an amended complaint.

---

[1] To the extent Plaintiff seeks to bring constitutional and other civil rights claims, the complaint must be construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). But a claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties, such as Defendants, are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff does not allege any facts suggesting that Defendants' actions are "fairly attributable" to the state. *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). As Defendants are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

[2] Plaintiff has filed numerous other cases here and in other federal district courts that were dismissed for failure to state a claim or as frivolous. *See Johnson v. Wolff*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019) (listing cases). After Plaintiff was warned that further frivolous or meritless litigation in this Court will result in an order barring him from filing new civil actions IFP without prior permission under 28 U.S.C. § 1651, on November 5, 2019, Judge Gregory Woods of this Court directed Plaintiff to show cause, within thirty days, why he should not be barred from filing any further actions in this Court IFP without first obtaining permission to file his complaint. *See id*. at 9.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 15, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge